# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————

**No. 201500292**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## JOHN F. WEBB
Petty Officer Third Class (E-4), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Marcus N. Fulton, JAGC, USN.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC,
USN; Captain Matthew M. Harris, USMC.

———————————

Decided 20 December 2016

———————————

Before MARKS, GLASER-ALLEN, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of wrongful drug possession, one specification of making a false official statement, and one specification of breaking restriction in violation of Articles 112a, 107, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 907, and 934.[1] The military

---

[1] The appellant pleaded not guilty to three specifications of wrongful drug use in violation of Article 112a, UCMJ; the convening authority withdrew the three specifications prior to findings and dismissed them without prejudice.

judge sentenced the appellant to three months' confinement, reduction to pay grade E-1, forfeiture of $1,000.00 pay per month for three months, and a bad-conduct discharge. The convening authority approved the sentence but, pursuant to a pretrial agreement, suspended all confinement in excess of 30 days.

The appellant alleges three related assignments of error (AOE): (1) the appellant and Lieutenant (LT) H had a viable, ongoing attorney-client relationship regarding the substance of the charges at issue; (2) the appellant was deprived of his right to military due process when his attorney-client relationship with LT H was terminated without good cause; and (3) the Assistant Judge Advocate General (AJAG) for Military Justice (Code 02) improperly denied the appellant's individual military counsel (IMC) request.

We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant first found himself in need of legal counsel about six months before preferral of the charges in this court-martial. The results of a 3 September 2014 urinalysis indicated the appellant had wrongfully used cocaine, so his command imposed nonjudicial punishment (NJP) on 26 September 2014. On 29 September 2014, the appellant supplied another urine sample which tested positive for the metabolite of cocaine. The appellant again received NJP for wrongful drug use on 28 October 2014.

The appellant's command notified him of administrative separation processing for the two incidents of drug abuse. In furtherance of that processing, the command asked Defense Service Office (DSO) Pacific to assign a defense counsel to represent the appellant at an administrative separation board. On 1 December 2014, DSO Pacific detailed LT H, a Navy judge advocate, to represent the appellant for that purpose. Thus officially began an attorney-client relationship between LT H and the appellant. At LT H's suggestion, the appellant submitted a waiver of his right to an administrative separation board.

On 1 April 2015, LT H detached from DSO Pacific to execute permanent change of station orders and report to a new assignment at the Office of the Judge Advocate General, Criminal Law Division (Code 20), in Washington, D.C. At that time, the appellant's command had neither accepted nor rejected his offer to waive his administrative board, nor had they rescinded the notification of separation processing. Instead, on 2 April 2015, the command preferred charges against the appellant and referred them to the special court-martial now before us on appeal. The charges included the first two

incidents of cocaine use that formed the basis for the appellant's administrative separation processing.

Pursuant to another request for assignment of defense counsel, DSO Pacific detailed LT M to represent the appellant at court-martial. LT M advised the appellant of his right to request a military counsel of his choice, known as an IMC, to represent him, in lieu of or in addition to LT M. On 14 April 2015, the appellant submitted a written request for the appointment of LT H as his IMC. The AJAG for Military Justice (Code 02), LT H's commander for this purpose, denied the request.[2]

Before trial, the appellant filed a motion asking the military judge to find that the AJAG abused his discretion in denying the IMC request. When the military judge ruled the AJAG had not abused his discretion, the appellant entered conditional guilty pleas. But the appellant pled not guilty to three specifications of wrongful drug use, including the two that had formed the basis for his administrative separation processing. The convening authority withdrew the drug use specifications and dismissed them without prejudice.

## II. DISCUSSION

"The ruling of a military judge on an IMC request, including the question whether such a ruling severed an attorney-client relationship, is a mixed question of fact and law. Legal conclusions are subject to *de novo* review, and findings of fact are reviewed under a clearly erroneous standard." *United States v. Spriggs*, 52 M.J. 235, 244 (C.A.A.F. 2000) (citations omitted).

Military service members facing a general or special court-martial or an Article 32, UCMJ, hearing enjoy the right to representation by civilian counsel, detailed military counsel, and/or military counsel of their own selection—IMC—provided the counsel is reasonably available.[3] Reasonable availability is subject to service secretary definition, but that definition may be relaxed when the requested counsel has already formed an attorney-client relationship with the accused "regarding matters relating to a charge in question."[4] If an accused asserts an existing attorney-client relationship in an IMC request, the requested attorney's commander determines availability.[5] If the requested counsel's commander denies the IMC request, the accused may

---

[2] *See* Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7F (JAGMAN) § 0131b(2) (26 Jun 2012).

[3] Art. 38(b), UCMJ; RULE FOR COURTS-MARTIAL (R.C.M.) 506(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

[4] R.C.M. 506(b)(1); *see also* Art. 38(b)(7), UCMJ; JAGMAN § 0131.

[5] RCM 506(b)(2); JAGMAN § 0131c(2)(c).

object via a pretrial motion to the military judge.[6] Upon such a motion, "the military judge shall ensure that a record of the matter is included in the record of trial, and may make findings."[7]

In this case, the appellant availed himself of the right to object to denial of his IMC request. The military judge concluded the AJAG neither abused his discretion in denying the appellant's IMC request nor improperly severed an attorney-client relationship between the appellant and LT H. We review the military judge's findings of fact and conclusions of law in addressing the appellant's three AOEs.

## A. Existence of an attorney-client relationship

The appellant first alleges that he and LT H had a viable attorney-client relationship concerning the substance of the charges in this case.

Determining whether an attorney-client relationship exists is the first step in assessing an attorney's availability as an IMC.[8] In this context, attorney-client relationship is defined as follows:

> For purposes of this section, an attorney-client relationship exists between the accused and requested counsel when counsel and the accused have had a privileged conversation relating to a charge pending before the proceeding, and counsel has engaged in active pretrial preparation and strategy with regard to that charge. A counsel will be deemed to have engaged in active pretrial preparation and strategy if that counsel has taken action on the case which materially limits the range of options available to the accused at the proceeding. But see JAGINST 5803.1 (series) prohibiting a counsel from establishing an attorney-client relationship until properly detailed, assigned, or otherwise authorized.[9]

The AJAG "determined that there is no attorney-client relationship regarding any charge pending before the present proceeding" in response to the appellant's IMC request.[10]

---

[6] R.C.M. 905(b)(6).

[7] *Id.* 906(b)(2).

[8] JAGMAN § 0131d(1) ("Applying the criteria enumerated in subsection b(3), above, the commander shall determine whether requested counsel has an attorney-client relationship with the accused regarding any charge pending before the proceeding.").

[9] *Id.* § 0131b(3). A proceeding is defined as "a trial-level proceeding by general or special court-martial or an investigation under Article 32, UCMJ." *Id.* § 0131b(1).

[10] Appellate Exhibit XII at 13.

In support of his motion challenging the AJAG's decision, the appellant called LT H to testify. The military judge found LT H's testimony credible and drew most of his findings of fact from the testimony. Those findings of fact correspond with our reading of the record and are not clearly erroneous.

According to his testimony, LT H understood and explained to the appellant that his legal representation was limited to administrative separation processing. After consulting with LT H, the appellant decided to waive his right to an administrative separation board. The appellant faced new allegations of misconduct and sought to expedite his separation from the Navy and hopefully avoid court-martial. For four months, LT H prepared for a possible administrative separation board, met frequently with the appellant to advise him about consent searches and interaction with Naval Criminal Investigative Service, and advocated for the appellant's quick separation with the command.

Recognizing the possibility of preferral of charges against the appellant, LT H discussed the prospect of court-martial with his chain of command at DSO Pacific. As a first tour judge advocate, LT H was not authorized to represent clients at courts-martial.[11] If charges were preferred against the appellant, DSO Pacific would have to request an exception to policy for LT H to represent his client at a court-martial.[12] Neither DSO Pacific nor LT H applied for such an exception. Understanding the restrictions upon his representation of the appellant, LT H did not promise the appellant his representation at a court-martial.

Correctly applying the Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7F (JAGMAN) § 0131 (26 Jun 2012) as the controlling authority, the military judge focused on the confines of LT H's attorney-client relationship with the appellant and the nature of his pretrial preparation, if any. First, the military judge concluded that the scope of LT H's representation of the appellant was limited to assistance with an NJP appeal and administrative separation processing. LT H understood that his permission to represent the appellant did not extend to courts-martial, so he did not lead the appellant to believe it did.

---

[11] *See* Commander Naval Legal Service Command (CNLSC) Note 1300, Encl. (2) at ¶ 3.e (25 Feb 2013) ("[First tour judge advocates] shall not be detailed as defense counsel for courts-martial without express consent from [Chief of Staff-Defense Service Office]." CNLSC Note 1300 was subsequently cancelled and replaced by CNLSC Instruction 1300.1A (6 May 2015), but the limitations on first tour judge advocates defending clients at courts-martial did not change.

[12] *Id.*

Second, the military judge concluded that LT H represented the appellant with the goal of preventing a court-martial, not preparing for a hypothetical one. No court-martial existed before LT H's departure on 1 April 2015. There was no evidence that LT H's advice precipitated any action with a bearing on the court-martial. During oral argument, the military judge twice asked detailed defense counsel to name some action LT H took that materially limited the appellant's range of options at court-martial. Detailed defense counsel pointed only to LT H's advice not to consent to another urinalysis and theorized that that advice deprived the appellant of potentially exculpatory evidence. Ultimately, the military judge agreed with the AJAG and found the appellant had failed to demonstrate that his attorney-client relationship with LT H extended to a court-martial.

Although the military judge did not cite *Spriggs*, his conclusions are consistent with that opinion's binding precedent. An accused bears the burden of establishing a purported attorney-client relationship, and to do so "the defense must demonstrate both a bilateral understanding as to the nature of future representation and active engagement by the attorney in the preparation and pretrial strategy of the case." *Spriggs*, 52 M.J. at 241. A common thread of criminal misconduct between prior representation and pending charges will not overcome the absence of these two requirements. *Id.* at 245. The military judge did not specifically note the absence of bilateral understanding as to the nature of LT H's future representation of the appellant, but he highlighted the disconnect between LT H's and the appellant's characterizations of their relationship. LT H's clear circumscription of the scope of his representation conflicted with the appellant's assertion of representation that "evolved" seamlessly from administrative separation board to court-martial.[13] Thus, the military judge effectively held that the appellant had failed to demonstrate the required bilateral understanding.

As previously stated, we find no clear error in the military judge's findings of fact, and we concur with his legal conclusion that the appellant failed to demonstrate an existing attorney-client relationship with LT H within the meaning of JAGMAN § 0131 and *Spriggs*.

## B. Severance of an attorney-client relationship

We turn next to the appellant's assertion that the government deprived him of due process by improperly severing his attorney-client relationship with LT H.

---

[13] Record at 48.

The Rules for Courts-Martial require the express consent of the accused or good cause to terminate an accused's attorney-client relationship with defense counsel.[14] If an accused requesting an IMC satisfactorily shows "a bilateral understanding as to the nature of future representation and active engagement by the attorney in the preparation and pretrial strategy of the case" then "the burden shifts to the Government to demonstrate good cause for severance of the attorney-client relationship." *Spriggs*, 52 M.J. at 241.

Acknowledging the requirement to show good cause before severing an attorney-client relationship, the military judge instead found there had been no attorney-client relationship to be severed.[15] Even assuming improper severance *arguendo*, the military judge found no prejudice. Pursuant to a pretrial agreement with the appellant, the convening authority withdrew the two specifications of wrongful drug use that comprised the basis for the appellant's administrative separation processing and LT H's representation. *See Spriggs*, 52 M.J. at 245 (noting that dismissal of the charges common to the requested counsel's prior representation of the accused and the accused's current court-martial "rendered harmless any error" in denying the appellant's IMC request for that counsel)

Having concurred with the military judge that the appellant failed to establish an ongoing attorney-client relationship, we also concur with his conclusion that the government did not improperly sever it. DSO Pacific properly detailed LT M to represent the appellant at court-martial and thus ensured due process.

**C. Denial of IMC request**

We next address the appellant's claim that the AJAG improperly denied his IMC request.

The JAGMAN's guidance to commanders considering IMC requests states:

---

[14] R.C.M. 505(d)(2)(B); R.C.M. 506(b)(3) and (c); *see also United States v. Hutchins*, 69 M.J. 282, 289-90 (C.A.A.F. 2011). But "*[b]efore* an attorney-client relationship has been formed between the accused and detailed defense counsel . . . an authority competent to detail defense counsel may excuse or change such counsel without showing cause." RCM 505(d)(2)(A) (emphasis added). As the military judge found, DSO Pacific detailed LT M to represent the appellant at this court-martial on 9 April 2015.

[15] The record suggests that the appellant's command never revoked its notification of administrative separation processing, so arguably the attorney-client relationship between LT H and the appellant for purposes of administrative separation processing continues. But the appellant never alleged termination of that relationship. *See* Record at 60-61.

> If the [requested counsel's] commander determines that there is no attorney-client relationship regarding any charge pending before the proceeding, the following procedures apply:
>
> (a) If the commander determines that requested counsel is not "reasonably available" as defined in subsection b(4), above, the commander shall promptly deny the request and so inform the accused, in writing, citing this provision.[16]

Subsection b(4) of JAGMAN § 0131 and R.C.M. 506(b)(1)(H) both exclude members of the staff of the Judge Advocate General from the definition of "reasonably available."

Among his findings of fact, the military judge related that LT H detached from DSO Pacific on 1 April 2015 and reported to the Office of the Judge Advocate General as a staff officer in the Criminal Law Division (Code 20) on 4 April 2015. This finding reflects the record and is not clearly erroneous.

Citing JAGMAN § 0131 and RCM 506(b), the military judge correctly pointed out that an attorney assigned to the Office of the Judge Advocate General, such as LT H, is not reasonably available to serve as an IMC absent an existing attorney-client relationship with the accused. Having affirmed the AJAG's determination that LT H and the appellant did not share an attorney-client relationship regarding any charge pending before the court, the military judge found no abuse of discretion in the AJAG's denial of the IMC request. Having concurred in the same determination that the appellant failed to demonstrate the requisite relationship, we also agree that the AJAG properly denied the appellant's IMC request.

### III. CONCLUSION

The findings and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court



---

[16] JAGMAN § 0131d(3).